**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN DOE N.G.**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No. 17-2493** |
| **UNITED STATES OF AMERICA and** ) | |
| **MARK WISNER**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff John Doe N.G. brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff and made inappropriate sexual comments. Plaintiff also alleges state law claims for battery and outrage/intentional infliction of emotional distress. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 7). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant for the VA, and is a defendant in more than eighty pending civil suits before this court.

The claims in this case are similar to claims in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe D. E. v. United States*, No. 16-2162, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) Count I: Negligence - Medical Malpractice; (2) Count II: Negligent Supervision, Retention, and Hiring; (3) Count III: Outrage/Intentional Infliction of Emotional Distress, and (4) Count IV: Battery.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

## Scope of Employment

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

This court has repeatedly held that plaintiffs with similar allegations to those here have sufficiently alleged that Wisner's conduct was within the scope of his employment. *See, e.g.*, *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577, at *4–*5 (D. Kan. Oct. 2, 2017); *Almquist v. United States*, No. 17-2108, 2017 WL 4269902, at *4–*5 (D. Kan. Sept. 25, 2017); *Anasazi*, 2017 WL 2264441, at *4; *Doe D. E.*, 2017 WL 1908591, at *4. The court also has held that plaintiffs with similar allegations have presented plausible claims that the VA Immunity Statute applies, allowing them to pursue remedies under the FTCA for claims arising out of a battery. *See, e.g.*, *Doe BF*, 2017

WL 4355577, at *5; *Almquist*, 2017 WL 4269902, at *5; *Anasazi*, 2017 WL 2264441, at *5; *Doe D. E.*, 2017 WL 1908591, at *4.  The court likewise allows plaintiff to proceed in this case.

## Statute of Repose

Defendant claims that at least some of plaintiff's claims are barred by Kansas's four-year statute of repose.  *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action").  Plaintiff disagrees, raising four arguments in opposition to defendant's position: (1) Section 60-513(c) does not apply to plaintiff's claims because Wisner was not a "health care provider"; (2) In any event, § 60-513(c) does not apply to plaintiff's claims for outrage or battery; (3) The FTCA's administrative process tolls the statute of repose; and (4) Equitable estoppel tolls the statute of repose.

The court has addressed all four of these arguments a number of times.  First, Wisner was a health care provider, making § 60-513(c) applicable.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *2; *Almquist*, 2017 WL 4269902, at *2.  The court has considered plaintiff's arguments about the application of *P.W.P. v. L.S.*, 969 P.2d 896 (1986), but remains unpersuaded that it erred in its initial consideration of this issue.  Second, § 60-513(c) applies to all of plaintiff's claims, including outrage and battery.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *2; *Almquist*, 2017 WL 4269902, at *2.  Third, the FTCA administrative process tolls the statute of repose.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *3; *Almquist*, 2017 WL 4269902, at *3.  And fourth, equitable estoppel does not further toll the statute of repose.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at **3–*4; *Almquist*, 2017 WL 4269902, at *3–*4.

In this case, the impact of these rulings is that some of plaintiff's claims may be barred by the statute of repose.  In his complaint, plaintiff alleges that he was Wisner's patient and saw Wisner

-3-

during clinic visits on dates between 2011 and 2013.  Taking these allegations as true, some of plaintiff's claims likely happened before September 26, 2012, which was four years before plaintiff filed an administrative claim.  Any such claims are therefore barred by the statute of repose.

### Any Claims for Mis-Prescription or Over-Prescription of Medication

As defendant has done in many of these cases, defendant asks the court to dismiss any claims for mis-prescription or over-prescription of medication, as such claims are not included in plaintiff's administrative claim and therefore are not exhausted.  In other cases, the plaintiffs have clarified in their response that they are not seeking to recover on a theory of mis-prescription or over-prescription of medication.  Plaintiff here did not respond to defendant's argument.  The court construes plaintiff's lack of response as an implicit indication that he does not seek to pursue such claims, making defendant's argument moot as it has been in other cases.

If plaintiff does intend to pursue such claims, however, they are subject to dismissal for failure to exhaust.  "[A]lthough a plaintiff's administrative claim need not elaborate all possible causes of action or theories of liability, it must provide notice of the facts and circumstances underlying the plaintiff's claims." *Trentadue*, 397 F.3d at 853 (internal quotations omitted).  Plaintiff did not claim that Wisner's misconduct included mis-prescribing or over-prescribing medication.  The government could have reasonably concluded that an investigation into Wisner's prescription practices was unnecessary.  *Cf. Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016) ("Nothing in Lopez's administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging Kindt, and it was in turn deprived of any opportunity to settle this potential claim without litigation.").  Plaintiff did not provide the government with sufficient notice of this claim and failed to exhaust his administrative remedy on this matter.

-4-

#### **Count II – Negligent Supervision, Hiring, and Retention**

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention based on the discretionary function exception to the FTCA.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *5–*6; *Almquist*, 2017 WL 4269902, at *5–*6; *Anasazi*, 2017 WL 2264441, at *8–*9; *Doe D. E.*, 2017 WL 1908591, at *8.  This outcome remains appropriate despite plaintiff's request that the court reconsider its rulings regarding VHA Handbook 1100.19.

As for the negligent supervision claim, the court has allowed this claim to proceed in the past. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *6; *Almquist*, 2017 WL 4269902, at *6; *Anasazi*, 2017 WL 2264441, at *7; *Doe D. E.*, 2017 WL 1908591, at *6.  For the reasons the court has set forth in other related opinions, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

#### **Count III – Outrage/Intentional Infliction of Emotional Distress**

Finally, the court has allowed plaintiffs to proceed with outrage claims in all of the cases previously identified.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *7; *Almquist*, 2017 WL 4269902, at *7; *Anasazi*, 2017 WL 2264441, at *10; *Doe D. E.*, 2017 WL 1908591, at *9–*10.  Plaintiff has once again placed his outrage claim outside the discretionary function exception.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 7) is granted in part and denied in part. The motion is granted as to plaintiff's negligent hiring and retention claims in Count II, but denied as to plaintiff's negligent supervision claim in Count II, as well as Counts I, III, and IV. Finally, some of plaintiff's claims may be time-barred, and to the extent that plaintiff intends to bring claims for negligent mis-prescription or over-prescription of medication, those claims are dismissed for failure to exhaust.

Dated this 9th day of April, 2018, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**